Filed 7/24/26  P. v. Thomas CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTOINE THOMAS,<br><br>        Defendant and Appellant. | A171122<br><br>(Solano County<br>Super. Ct. No. FCR241350) |

**MEMORANDUM OPINION[1]**

On December 14, 2010, a jury convicted Antoine Thomas of possession for sale of cocaine base.  (Health & Saf. Code, § 11351.5.)  The jury also found true allegations that he had suffered several prior serious felony convictions (Pen. Code § 667, subd. (b), 1170.12, subd. (a))[2] and had served a prior prison term (former § 667.5, subd. (b)).[3]  On May 23, 2011, the trial court sentenced Thomas to prison for a term of 25 years to life.

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] All further undesignated statutory references are to the Penal Code.

[3] We omit a discussion of the facts underlying defendant's conviction because they are not relevant to the issues raised on appeal.

In 2021, the Legislature enacted section 1172.75, which invalidates most prior prison term sentence enhancements "imposed" prior to January 1, 2020, and provides for resentencing of a person who is "currently serving a term for a judgment that includes" such an enhancement. (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.) In July 2023, Thomas filed a motion for resentencing under section 1172.75. Following a hearing, the trial court found that Thomas was not entitled to resentencing under section 1172.75. The court explained that while the abstract of judgment showed that the prison prior enhancement had been imposed and stayed, the transcript from the original sentencing proceeding in 2011 revealed that the enhancement was not actually discussed. Accordingly, concluding that the enhancement had not been imposed within the meaning of the statute, the court declined to consider the resentencing motion but ordered that the abstract be amended to delete reference to the prior prison term enhancement.

In his opening brief, Thomas's appointed counsel failed to challenge the relevant order and instead argued that the $5,000 restitution fine imposed following his conviction in 2011 must be vacated under section 1465.9, subdivision (d), which reads, "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." The Attorney General did not dispute Thomas's entitlement to relief under section 1465.9, but argued that this court lacked jurisdiction to consider his claim because the order denying relief under section 1172.75 is not an appealable order.

After briefing was complete, in response to Thomas's request, we appointed replacement counsel. In his supplemental briefing, Thomas

challenges the denial of his motion for resentencing. Citing *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*) and *People v. Espino* (July 2, 2026, S286987) ___Cal.5th ___ [2026 Cal. Lexis 3418] (*Espino*), which was decided after the Attorney General's supplemental brief was filed, Thomas argues that the court erred in concluding that the enhancement had not been imposed and thus that he was not entitled to resentencing. Although the Attorney General initially contested Thomas's right to resentencing, in a supplemental letter brief, the Attorney General now acknowledges that under *Espino's* reasoning, the order denying Thomas's request for resentencing should be reversed and the matter remanded for a full resentencing in accordance with section 1172.75, subdivision (d). We agree.

In *Rhodius*, *supra*, 17 Cal.5th 1050, 1068, the court held that "section 1172.75(a) applies to enhancements that were imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed. If the enhancement is no longer authorized under the current version of section 667.5(b), section 1172.75(a) renders the enhancement invalid. And the retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein." In *Espino*, the court expanded on *Rhodius* to hold that an enhancement is imposed for purposes of section 1172.75 where the sentencing court strikes the punishment for the enhancement but not the allegation itself. The court explained: "Imposing a sentence on a criminal defendant has legal effect, and a true finding on a prior prison term allegation is a part of the sentencing order, even when the associated punishment is stricken. (See *People v. Fuentes* (2016) 1 Cal.5th 218, 225, 204 Cal.Rptr.3d 818, 375 P.3d 928 [striking the punishment for an enhancement ' " 'merely serves to prohibit a certain purpose for which the

3

[allegation] may be used' " '; it ' "does not 'operate to defeat the factual finding of the truth of the [allegation]' " '].)  It follows that, as a matter of ordinary usage, an enhancement included in the sentence in a criminal case may be 'imposed' (§ 1172.75(a)) even if the punishment for that enhancement is stricken." (*Espino, supra*, __ Cal.5th __, __ [2026 Cal. Lexis 3418 at *11–*12.)

Here, because the jury's true finding was neither stricken nor dismissed, it remained imposed within the meaning of section 1172.75 in Thomas's judgment.

## DISPOSITION

The order denying Thomas's motion for resentencing is reversed and the matter is remanded for a full resentencing under section 1172.75, subdivision (d), as well as for proceedings on any motion for relief under section 1465.9, subdivision (d) filed by Thomas.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

4